**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

VICTOR DWAYNE BUCHANAN                                            PLAINTIFF

v.                                         No. 4:11CV00409 JLH

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration                                        DEFENDANT

**OPINION AND ORDER**

Victor Dwayne Buchanan has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for decision.[1]

Buchanan has filed a series of applications for both disability insurance benefits and SSI,[2] the most significant of them for present purposes being the last two. (Tr. 1195-96) On August 15, 2002, Buchanan filed an application for disability insurance benefits. (Tr. 26, 1195) That application was denied on September 12, 2002, and Buchanan did not appeal. (Tr. 14, 26) Buchanan filed another application for disability insurance benefits and SSI February 14, 2005. (Tr. 20, 32, 37, 1195) By Order of March 27, 2008, the ALJ found that the principles of *res judicata* and administrative finality[3]

---

[1] Buchanan also had a claim for Supplemental Security Income, based on disability. The ALJ found Buchanan disabled under the SSI claim from September 1, 2005, through the date of the ALJ's decision. (Tr. 15) Buchanan does not appeal that portion of the decision finding him disabled under SSI. At four places in his opinion, the ALJ indicated the onset dat was September 1, 2005. (Tr. 15, 17, 19, 20) At one point, the ALJ indicated it was September 1, 2006. (Tr. 20) Since Buchanan did not raise the issue in his brief, the Court assumes the 2006 date was merely scrivener's error.

[2] Buchanan, who is a veteran, also applied to the Veterans Administration for benefits; the VA found him 100% disabled effective June 8, 1998. (Tr. 129-31)

[3] The doctrine of *res judicata* and the doctrine of administrative finality are related but distinct doctrines. *Draper v. Sullivan*, 899 F.2d 1127, 1130 (11th Cir. 1990). In this context, the doctrine of administrative finality is established in 42 U.S.C. § 405(h) and 20 C.F.R. § 404.987-404.989.

barred the disability insurance benefits claim.[4] (Tr. 32-34) The Appeals Council granted review of that decision and remanded the claim on the basis that new evidence precluded the application of *res judicata*. The Council also directed the ALJ to consider whether there was good cause for Buchanan's missing the deadline for appealing the 2002 application denial.[5] (Tr. 37-38)

A hearing was held pursuant to the Appeals Council remand. (Tr. 1192-1220) Buchanan's counsel waived reopening of the 2002 decision and amended his alleged onset date to January 1, 1998. (Tr. 14, 1196-99). The ALJ held that the decision to waive reopening made the September 12, 2002, determination final and binding, effectively precluding a favorable decision on the 2005 application for disability insurance benefits. (Tr. 14)

The Commissioner argues correctly that the Court lacks jurisdiction to review the decision to deny reopening and apply the doctrine of administrative finality. As the Eighth Circuit has explained:

> Section 405(g) of Title 42, United States Code, authorizes judicial review of "any final decision of the Commissioner . . . made after a hearing." *See Mason v. Barnhart*, 406 F.3d 962, 964 (8th Cir. 2005). Under §405(g), courts generally lack jurisdiction to review the Commissioner's refusal to reopen the proceeding because a refusal to reopen the proceeding is not a "final decision of the Commissioner . . . made after a hearing." 42 U.S.C. § 405(g); *see Califano v. Sanders*, 430 U.S. 99, 107-08, 97 S. Ct. 980, 51 L. Ed. 2d 192 (1977); *Boock v. Shalala*, 48 F.3d 348, 351 (8th Cir. 1995).

*Efinchuk v. Astrue*, 480 F.3d 846, 848 (8th Cir. 2007).

---

[4] The SSI claim had been allowed initially, but apparently SSI benefits had ceased because of excess income. (Tr. 32)

[5] The Appeals Council Order is dated January 30, 2008. (Tr. 38) That date must be an error because the Appeals Council was reviewing a decision of March 27, 2008. (Tr. 32-34, 37) The notice of the Appeals Council decision is stamped as received by the disability office in Little Rock on February 5, 2009, which suggests that the Appeals Council order should have been dated January 30, 2009.

There are two narrow exceptions to the general rule that courts may not review the decision of the Commissioner not to reopen a proceeding. First, when constitutional questions are at issue, judicial review is available. *Califano v. Sanders*, 430 U.S. at 109; *Burks-Marshall v. Shalala*, 7 F.3d at 1349; *Robertson v. Sullivan*, 979 F.2d 623, 625 (8th Cir. 1992). Here, no constitutional question is at issue. Second, if an earlier disability claim has been reconsidered on the merits, then the court can treat it as having been reopened as a matter of administrative discretion. *E.g.*, *Jelinek v. Heckler*, 764 F.2d 507, 508 (8th Cir. 1985). Here, the 2002 application was not reconsidered on the merits, so the Court cannot treat it as having been reopened.

Inasmuch as the Court lacks jurisdiction to consider Buchanan's claim, his complaint is dismissed without prejudice.

IT IS SO ORDERED this 17th day of September, 2012.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE